The plaintiff, "William Hazzard, in right of his wife Elexine, late Elexine Wilson, on the 18th of May, 1838, filed exceptions to the administration accounts of defendant, passed respectively on the 10th of March, 1837; 3d of June, 1829; 14th of July, 1830; 13th of July, 1833 and 19th of May, 1835. The defendant appeared and pleaded the act of limitation to all except the last account; plaintiffs replied infancy of said Elexine Hazzard, late Wilson; defendant rejoined that the said William Hazzard and Elexine his wife, were married more than three years before the filing the exceptions in this cause, to wit: on the 9th of January, 1834, and that at the time of the said marriage the said William Hazzard, the husband of said Elexine, was of full age and under no legal disability to file exceptions to said accounts. Demurrer and joinder in demurrer. After argument at March term, 1840, demurrer overruled; and, on motion, the exceptions to all the accounts except the last dismissed, on the ground that more than three years had elapsed before the filing of said exceptions to the first four accounts, from the marriage of William Hazzard, he being of full age at the marriage. The court proceeded to hear the exceptions to the last account. Appeal prayed and granted.
The main question argued was, whether the plaintiffs were barred by limitation of their right to except to the first four administration accounts.
The provision in the act of limitation is, that no exceptions to an account of an executor, c., "shall be received or filed in the Orphans' Court, after the expiration of three years from the settlement of said account; provided that this limitation in respect to any person under disability of infancy, coverture or incompetent of mind at the time of the settlement of any such account shall begin to run from the ceasing of such disability, and not from the time of such settlement." *Page 349 
 Ridgely. for defendant, on this question contended that the right of excepting to these accounts given by the constitution to ""persons concerned/'" (Art. 6. sec. 21.) was the right of William Hazzard the husband of Elexine Wilson; that this right accrued on the day of his marriage; and he being under no legal disability to except or sue. his right was barred by limitation: that the saving of the statute was of the rights of persons under disability, and can never apply to the husband who is under no disability. (Shankland'scase, Errors and Appeals, Oct. 1823.) He argued that there was no reason why longer time should be given the husband to sue for his wife's right of action than for his own; or longer time than any other person not under a disability to sue: that the saving of the statute was to protect the helpless, and not to extend the rights of those who had full power to protect themselves; and that the wife's disability could never enure to the benefit of the husband, inasmuch as it could never prejudice him. (Law Lib. 2; Blans. Lim.) Whenever the husband's right to sue accrues the act begins to run, unless he is laboring under a personal disability. (4 T. Rep. 519.)
Houston and Brinckloe, for plaintiff, argued that the husband was not a "person concerned" in these exceptions, otherwise than in respect of the wife's right of action, which was expressly saved by the statute from being barred; that this could not be said to be a proceeding by him to reduce his wife's chose in action into possession, as it would be as much a chose in action, and her
right, after the exceptions were determined as before; a right which would survive to her on her husband's death: that this was not a suit at all in the meaning of the act barring suits; it was only a proceeding to correct accounts, and in which nothing was or could berecovered. They denied the application of Shankland's case, which was decided in respect to the disability of coverture, and in a case where the cause of action accrued after the marriage. In suits by husband and wife for the wife's right, the union of interests is peculiar to this relation; they are not interested asjoint parties, for then either could sue or release. If action be by husband and wife in right of the wife and she die, the suit abates; not so if the husband die. Two actions, one by husband and wife, the other by husband alone, cannot be consolidated. The husband joins in. the action not because he has a joint interest, but because the wife cannot sue alone: the suit is the suit of the wife. (2Leigh N. P. 1116; 2 Saund. Pl. Ev. 716; 1 Chit.Pl. 64; 5 Com, Dig. Pl. 2, a. 1; 1 ib. Abat. d. b.) In torts the non-joinder of a joint *Page 350 
owner can only be pleaded in abatement, but if husband bring trover in his own name for his wife's goods, he will be nonsuited. (1 Ch.Pl. 04-5.) In actions ex contracts, the non-joinder of defendants must be pleaded in abatement; but if the husband be sued on, the promise of the wife before marriage, he may demur, or move in arrest of judgment, or for a nonsuit. If the wife be sued alone, she can plead the matter only in abatement. (1 Ch. PL 44.) In a suit for the right of the wife, the law regards the interest as peculiarly that of the wife; the husband's name is used not on account of any joint interest, but as giving the wife power to assert her own
lights; then how can any replication of the husband's ability to sue be an answer to a plea of her disability. No plea is good against the suit of husband and wife for the wife's right, that does not apply especially to that right; nothing can be pleaded as against the husband except to deny the marriage. A release of all demands by the husband would not be a good plea, unless it expressly appear in the release that it is to have reference to such a claim. The debt of the husband cannot be set off against such claim. (1 Leigh N. P. 156.) The statute is a disqualifying act and ought to be taken strictly. (2Law Lib. 12; 2 Bos. Pul. 542; 1 LordRay. 289; 13 East 440; 2 Leigh N. P. 1248.)
Ridgely, in reply, contended that acts of limitation being statutes of repose were, from principles of policy, to be construed favorably to the bar. (Blans. him. 1, 2, c., Wilk. him.
12.) They do not bar rights, but take away remedies; they do not look to the rights of any party, but to the power of asserting the remedy. In respect to any one under the disability the statute is no bar, but as to any one having the power to sue it is a bar. The plaintiff in this case had the power for the full time allowed by the statute.
This was a suit on a testamentary bond, dated the 27th of August, 1804, for the use of the legatees or some of them; and judgment was recovered therein. Afterwards a writ of sci. fa. was sued out on this judgment to April term, 1815, for the use of these plaintiffs; and the defendant Shankland, who was a surety, pleaded inter alia the act of limitation, and plaintiff replied that "said Ann took to husband the said James Hazzard, and to him was married and under coverture, before the date of the testamentary bond, and that the coverture still continued. To this replication defendant demurred generally; and on this demurrer the court below gave judgment for the defendant.
The exceptions set out this for error, asserting that the replication and the matters therein contained were sufficient in law for the plaintiff to maintain said action against said defendant, the act of limitation mentioned in the plea saving the right of the saidAnn to commence an action upon the said testamentary bond, after a breach thereof, at any time during her coverture, and within three years after her discoverture.
Ridgely, chancellor, in delivering the judgment of the Court of Appeals (at October term, 1823,) stated that the only question was, "whether the saving of the right of a feme covert in the second section of the act to compel executors to give security, c., applies to the husband and wife during their lives, upon a suit brought by them on a testamentary bond made after marriage. The words of that saving clause are "provided also, that all actions upon such testamentary bonds hereafter executed shall be commenced within six years after the passing the said bonds, and not after, saving the right of any person or persons who shall be within age of twenty-one years, feme covert, non compos mentis, or imprisoned, of bringing such action or actions within three years after their coming to or being of full age, discovert, of sound memory or at large." (2 Del. Laws 890.)
According to the meaning of this act the right of the husband and wife to bring a suit after six years from the passing the bond is not saved, for he is not under any of the disabilities mentioned in the act, and his name or interest is not referred to nor contemplated. The saving is to bring a suit within three years after a disability is removed, but where there is no disability there is no saving. The act was clearly designed to save the rights of married women, and to keep their rights alive until they became free and able to act for themselves, and not to protect rights which might be exercised at the pleasure of the person or persens having such rights. It had no view to the interest of the husband, and there was no necessity that it should, for he could bring a suit at any time; but the wife though she has a right has no remedy of herself, and therefore, the law very providently interposes to save her against the omissions or neglect of her husband. But there can be no reason for the same caution in regard to the husband, even in those cases where the right is derived from the wife, and where he must join her name with his in prosecuting such right. The chancellor then referred to Cro. Car. 200, Hulm vs. Heylock;
4 Term Rep. 516, Perry vs. Jackson; Litt.,sec. 403. If husband and wife have a right of entry into lands which another hath in fee or fee tail, and such tenant dieseized, the entry of the husband upon the heir, who is in by descent, is taken away. But if the husband die, the wife may enter upon the issue who is in by descent; for the laches of the husband shall not prejudice the wife or her heirs. (Co. Litt. 246,a.) If an action be against an attorney and others who have no privilege, he shall have no privilege. (1 Corn. Dig. 6;Abatement, D. 6.) So if it be against an attorney and his wife.
Chief Justice Booth delivered the opinion of a majority of the court, Judge Harrington dissenting.
This is an appeal from the Orphans' Court for Sussex county. From the bill of exceptions taken under the act of assembly, and from the documents accompanying it, the case appears to be this: —
John Wilson, late of the said county, deceased, being the owner of certain real and personal estate, made his last will and testament in writing, bearing date the 29th day of November, A. D. 1825; by which he ordered, that part of his real estate should be sold, and devised some houses and lots, being the residue thereof, to his son David M. Wilson, in fee; and directed, that whatever the real estate *Page 351 
devised to David was valued at, should be deducted from his share of the testator's estate. After taking out several legacies bequeathed to his daughter, Elexine, now the wife of William Hazzard, the testator directed his estate to be equally divided among his sons, David M. Wilson and James Wilson, and his daughter, the said Elexine, when they should arrive at full age. The testator soon after, died. The will was proved the 29th of December, 1825, and letters of administration, with the will annexed, were granted to the respondent, Caleb S. Layton, on the 11th of January, 1826; who passed five several accounts of his administration before the register of Sussex county: The first on the 10th of March, 1827; the second on the 3d of June, 1829; the third on the 14th of July, 1830; the fourth on the 13th of July, 1833, and the fifth on the 19th of May, 1835. The respondent, to carry into effect the said will, was obliged to resort to the legislature for a private act, to empower him to have a valuation made of the real estate devised to David; and by virtue of that act, it was valued at one thousand dollars.
On the 9th of January, 1834, the said William Hazzard and Elexine "Wilson were married; and on the 18th of May, 1838, exceptions by way of appeal, were taken to the Orphans' Court of Sussex county, by the said William Hazzard, in right of his wife, from the settlement of said accounts before the register of the said county. One exception to the last account was, that interest was not charged upon one thousand dollars, the valuation of the real estate devised to David; upon the ground, that the amount of both principal and interest ought to be deducted out of his share of the testator's estate; whereas, the administrator, c. t. a. had deducted only the valuation money, to wit: one thousand' dollars. At the time of the marriage of the appellants, and at the time of taking the said appeal to the Orphans' Court, the said Elexine Hazzard was an infant under the age of twenty-one years. The respondent pleaded the act of limitation to the exceptions taken to all the accounts, except to that passed the 19th of May, 1835. To this plea, the appellants replied the infancy of Elexine Hazzard, late Elexine Wilson. The respondent rejoined, that the said William Hazzard and Elexine, his wife, were married more than three years before the filing of the exceptions in the cause, to wit, the 9th of January, 1834; and that at the time of the said marriage the said William Hazzard, the husband of the said Elexine, was of full age, and under no legal disability to file exceptions in this cause. To this rejoinder there was a demurrer, and joinder in demurrer. *Page 352 
The Orphans' Court overruled the demurrer, upon the ground that the exceptions being taken by William Hazzard, in right of the said Elexine, his wife, were barred by the act of limitation: more than three years having elapsed before filing the exceptions to the first four accounts, from the time of his marriage with the said Elexine, and he being of full age and under no legal disability.
The Orphans' Court disallowed the before-mentioned exception to the last account, considering upon the construction of the will of the testator, that only the value of the real estate devised to David M. Wilson, to wit, only the sum of one thousand dollars, without interest, should be deducted from his share of the testator's estate.
From the decree of the Orphans' Court upon these two points, the present appeal is taken. Upon the last point, it plainly appears from the will of the testator, that the devise to his son David, was to take effect immediately upon the testator's death; and that the value of the real estate so devised, was to be deducted from the share of David. There is not the slightest ground for supposing the testator intended that the devisee should be accountable for interest upon the valuation money, or for the rents and profits of the real estate. The administrator, with the will annexed, had no concern with the real estate devised to David, except to ascertain its value; for which purpose he was obliged to resort to the legislature for a special act to authorize a valuation, in order to make the deduction from David's share of the estate. The delay, if there were any, in obtaining the act of assembly, cannot make the administrator accountable for interest upon, the valuation money, nor the devisee for the rents and profits of the real estate.
The material question in the cause is upon the first point: whether the exceptions taken by way of appeal to the first four accounts settled before the register of Sussex county, are barred by the 11th section of the act of limitation, (Digest, 398,) which declares that "no exceptions to an account of an executor, administrator or guardian, settled by the register for the county, shall be received or filed in the Orphans' Court after the expiration of three years from the settlement of said account; provided, that this limitation in respect to any person under disability of infancy, coverture or incompetency of mind, at the time of the settlement of any such account, shall begin to run from the ceasing of such disability, and not from the time of such settlement."
It is contended for the appellants, that as the interest of William *Page 353 
Hazzard is entirely in right of his wife, who was an infant at the time of the settlement of the accounts before the register, and so continued at the time of her marriage, and at the time of taking the exceptions, the case comes within the proviso of the act of limitation: that the exceptions are her suit: that she is virtually the plaintiff: and as she cannot sue in her own name because of the disability of coverture, that the husband, therefore, for the protection of her interest, sues for her, in his and her name.
The exceptions taken in this case by way of appeal, were taken by the husband, and not by the wife; for by marriage, husband and wife are but one person in law; she is deprived of all separate legal existence, which during coverture is merged in that of the husband; she has no will, and without his authority can do no act. The exceptions are his suit, and not hers; brought by him for the purpose of enforcing his marital rights, for his own sole and exclusive use and benefit; and to defeat and destroy the only rights which the wife can have, namely; her right in case she survives her husband. All the rights of the wife by marriage pass to the husband. Her personal property in possession becomes his absolutely; her choses in action are under his control; and of her real property he is entitled to the usufruct. In the proceedings instituted by him to recover her choses accruing before coverture, he joins the wife, because his right or title is derived through her; and not because she has any interest during coverture, in his action or remedy. And it is for the very reason of the suspension of her rights during coverture, and her inability to institute any proceedings for their recovery, that the act of limitation protects her by providing that in respect toher, the limitation shall begin to run only from the ceasing of her disability; thus allowing her three years from that time to
pursue her remedy for the recovery of her choses, where the husband has been unable, or has neglected to reduce them into possession during the coverture. The argument, therefore, which relies upon the proviso in the act of limitation to protect the husband, and to enable him to obtain his wife's choses, defeats her rights in case of her survivorship, and destroys the very object and intention of the proviso, which are to save them.
But it is said, that the infancy of the wife protects the suit brought by the husband in his and her name, because from the very words of the proviso, an infant is not merely excepted out of the act of limitation, but excluded from it; that the act does not beginto run until the disability ceases; that nothing can remove the disability of infancy *Page 354 
but efflux of time; and therefore, that the exceptions in this case cannot be barred until the expiration of three years from the time of Elexine Hazzard's attaining full age.
The distinction between a saving or an exception out of an act, and an exclusion from it, seems to be a distinction of words, without any difference in substance. If a person is saved or execpted out of an act, he is certainly excluded from its operation. All acts of limitation are intended to protect those, and those only who cannot protect themselves; and either by a saving or excepting clause, or by a proviso, or by a positive enactment, preserve to those persons laboring under the usual disabilities, the right to prosecute their suits after the ceasing of such disabilities. Then, and not till then, do the acts of limitation begin to run against them, although they bar all other persons. The infancy of the wife, with the supervening disability of coverture, saves her until both disabilities cease; but cannot protect the husband in prosecuting his suit for recovering her choses for his own benefit, any more than the disability of coverture alone without that of infancy, would protect such suit. The argument drawn from the suit of an infant by guardian, or next friend, does not apply to the case. There is no analogy between such a suit, and one brought by the husband, in which he joins the wife, for recovering her choses; nor is, there any similarity between the guardian and the husband. In the former case, the suit is in the name of the infant alone; the guardian or next friend is no party; has no interest in the property sued for, which when recovered, belongs exclusively to the infant. Not so, in respect to the suit brought by the husband, in which he joins the wife, to recover her choses. There what is obtained by the result of the suit, belongs absolutely and exclusively to the husband, and forever extinguishes the right of the wife.
When it is said that nothing can remove the disability of infancy but efflux of time; nothing but the infant's attaining majority; the remark is inaeurate; for the disability is removed by death. Therefore, if the administrator of a deceased infant allows more than three years to elapse, after the grant of administration, and before taking exceptions to an account in which the infant in his lifetime was interested, although at the time of taking the exceptions, the infant, had he lived, would still be under twenty-one years of age, the act of limitation would surely bar the administrator; becausehe is under no disability. For the same reason, the husband of an infant is barred, if being under no disability, he allows more than three *Page 355 
years to elapse from the time of marriage before taking exceptions; although when the exceptions are taken, the wife is still in her minority.
These exceptions then are the suit of the husband, instituted by him for his exclusive benefit. As his right of action accrued at the time of his marriage, when, in the language of the constitution, he became a party concerned in the settlement of the accounts of the respondent, and as at the time of his marriage, he was under no disability, the act of limitation began to run against him from that period; because there was then a cause of action; a person competent to sue; a person to be sued; and a jurisdiction in which the suit might be maintained. Having allowed more than three years to elapse after his marriage, and before taking his exceptions, he is barred; and cannot shelter himself under the infancy or coverture of his wife.
It was contended, in the course of the argument for the appellants, that in suits brought in the name of the husband and wife, for the wife's choses, they are to be regarded as separate and distinct parties; for if she dies pending the suit, it abates; and if the husband dies, it survives to the wife. But admitting them to be regarded as separate and distinct parties, this view of the case does not aid the appellants. The respondent pleads the act of limitation. The replication of the appellants replies the infancy of Elexine Hazzard, the wife, as an answer to the plea. The rejoinder alledges that "William Hazzard, the husband, was of full age; to which there is a demurrer on the part of the appellants. The rejoinder is certainly no answer to the replication; and it is equally certain that the replication is no answer to the plea. The demurrer extends back through the whole record, and attaches ultimately upon the first substantial defect in the pleadings; and judgment must be given against the appellants, in whose replication the first substantial defect has occurred. For although the rejoinder is bad, it is sufficient for a bad replication. The reason why the replication is bad, is, because it does not contain a sufficient answer to the plea, as respects the parties answering; for the plea alledges that the appellants are barred by the act of limitation, and the replication replies the infancy only of one party, and gives no answer whatever to the other party. It is now well settled, that a replication to a plea of the statute of limitation must avoid the effect of the statute as to all the plaintiffs. The disability of one cannot be imparted to the others, and will not prevent the bar. All will *Page 356 
be barred unless all be under a disability. (Perry vs.Jackson, 4 Term Rep. 516; Marsteller vs. M'Lean,(sic) Cranch 156.)
This case falls directly within the principle of Shankland's case, decided many years ago by the Court of Errors and Appeals of this State. There the husband sued in right of his wife, joining her name in the suit, to recover her choses; and as the wife was within the saving clause of the former act of limitation of this State, (2 Del.Laws 890, sec. 2,) it was contended that he was protected, because she was under the disability of coverture; and the point decided by the court was, that the saving clause of the statute could not be extended to the husband, because he was under no disability.
The case of Hulm vs. Heylock, Cro. Car. 200, it is apprehended is in point. By the Stat. 4 Henry 7, chap.
24, called the statute of fines, all persons and their heirs, other than parties to the fine, having any right or title to lands at the time of the fine engrossed; and all other persons to whom a right or title remains, descends or comes, after the said fine engrossed and proclamations made, by force of any gift in tail, or by any other cause or matter had or made before the said fine levied, are forever barred; unless in the former case, they pursue their right or title by way of action or lawful entry within five years next after proclamations made; and in the latter case, within five years next after such right or title accrued, descended or came to them; excepting femes covert and persons within the age of twenty-one years, in prison, out of the realm, or not of whole mind at the time of the fine levied, and not being parties to such fine. All such persons who labor under any of these disabilities, either at the time of levying the fine, or when a right to lands whereof a fine has been levied first accrues to them, are allowed five years from the removal of their disabilities, to make their claim by action or lawful entry; and. unless they do so within the five years, they and their heirs are forever barred.
In Hulm vs. Heylock, the case was this: J. M. being seized of land, devised it in fee to J. Gr., an infant of the age of three years. The son and heir of J. M. entered and levied a fine with proclamations in the lifetime of J. G., being within age, who afterwards died being within age, the wife of Heylock being his sister and heir. It was decided that the fine and non-claim barred the husband, (who suffered the five years to pass,) and all claiming under him, and the wife herself during the coverture; hut that the wife should have new five years after the death of the husband. *Page 357 
The same principle is decided in Doc on the demise of Wright
vs. Plumptree, 3 Barn. Ald. 474. There the defendant levied a fine with proclamations. The husband who was the lessor of the plaintiff, and claimed in right of his wife, did not enter within five years after his title accrued; and it was decided by Best, justice, who tried the cause, that although the wife, if she survived her husband, would be entitled to enter within five years after his death: yet that her husband, not having made an entry or brought his action within the time prescribed, was barred by the fine. It was contended, on a motion for a new trial, that the husband, who claimed in right of his wife, might enter at any time during the coverture: that it was clear, an infant by his guardian might avoid a fine by an entry at any time during his infancy; and that by parity of reason, a husband claiming in right of his wife, might avoid the fine during the coverture; for the wife's interest, it was said, is kept alive during the whole period of the coverture. But the court were clearly of opinion, that the husband not having entered within the five years after his right accrued, was barred by the fine; and the case of Hulm
vs. Heylock was referred to as deciding the point.
It is said to be the policy of all statutes of limitation to prevent suits, and thus to conduce to the peace of society; but that the decision of the court in this present case, defeats that policy, by suspending the right to take exceptions to these accounts, until the disability of the coverture ceases. But this objection seems to be without foundation. The act, by its very terms, gives the right to the wife to take exceptions after her disability ceases; and therefore, until then, suspends her right. And it need only be remarked, that to permit the husband, in case he survives her, to take exceptions as the administrator of his wife, after his own suit instituted during the coverture, in her right, has been barred, is in accordance with that well known maxim of law, "Quando dua jura in una persona, concurrunt, æquum est, ac si essent in diversis." Therefore, where a man acquires a new right, he is allowed to pursue his remedy under it, although he neglected to take his remedy under the right which first accrued.
The judgment of this court is, that the decree of the Orphans' Court be affirmed.